UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROGELIO PROMOTOR,

        Petitioner,

v.                                                  Case No. 07-CV-363

WILLIAM POLLARD,

        Respondent.

## ORDER

Petitioner Rogelio Promotor ("Promotor") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 19, 2007. Promotor challenges his Wisconsin state convictions for homicide by intoxicated use of a motor vehicle and causing injury by intoxicated use of a motor vehicle. In his petition, Promotor alleges a violation of due process arising from the sentencing court's reliance on inaccurate information, a violation of the Sixth Amendment based on ineffective assistance of counsel, and a violation of the Eighth Amendment arising from the court's imposition of an effective life sentence. For the reasons stated below, the court will deny Promotor's § 2254 petition.

## BACKGROUND

Promotor pleaded no contest and was convicted in Milwaukee County Circuit Court of four counts of homicide by intoxicated use of a motor vehicle and two counts of causing injury by intoxicated use of a motor vehicle. (Docket #6, Ex. A). The charges arose from an automobile crash that occurred when Promotor drove at

a high speed through an urban area, ran two red lights and collided with a second vehicle. (Docket #6, Ex. E, p.2). The collision killed four people, including Promotor's own passenger, and severely injured two others.

In preparation for sentencing, Promotor cooperated in the creation of a presentence report through the use of an interpreter. The report stated that he consumed up to twenty-three beers in the hours preceding the crash. (*Id*). At Promotor's sentencing hearing, the sentencing judge referenced the "23 beers" figure from the presentence report. The court ultimately sentenced Promotor to a total of 66 years of initial confinement and 28 years of supervised release. (Docket #6, Ex. A). If Promotor serves the full 66 years of incarceration time, he will be confined until he is 85 years old. (Docket #6, Ex. E, p. 2).

Promotor then filed for postconviction relief, arguing that the court relied upon inaccurate sentencing information, or alternatively, that he received ineffective assistance of counsel. (Docket #6, Ex. E). Promotor asserted that he consumed only "as many as 15, but I believe it was more like 13 or 14" beers prior to the crash, instead of the 23 beers cited by the sentencing judge. (*Id*. at 2). In addition, Promotor argued that his attorney was ineffective for failing to discover or correct the inaccurate information that he consumed 23 beers. The trial court denied Promotor's motion for postconviction relief. (Docket #6, Ex. B, App. 155). In its written decision, the trial court stated that "it may be the case" that Promotor waived his claim that he was sentenced based on inaccurate information because he was the source of that information. (*Id.* at App. 157). The trial court further held that

-2-

Promotor failed to provide clear and convincing evidence either that the information was inaccurate or that the court prejudicially relied upon the information. (*Id.* at App. 160).

Promotor appealed and the Wisconsin Court of Appeals affirmed the trial court's sentence and denial of the postconviction motion on October 14, 2005. In reaching its decision, the Wisconsin Court of Appeals found that Promotor waived the inaccurate sentencing information issue because his own attorney provided the information to the court and because Promotor did not object to the information during his sentencing hearing. (*Id.*) The court further found that Promotor did not receive ineffective assistance of counsel because the trial court's use of the inaccurate information did not sufficiently prejudice him. (*Id.* at 3). Promotor subsequently petitioned the Wisconsin Supreme Court for review, which was denied on January 20, 2006. Promotor filed the instant petition for a writ of habeas corpus on April 19, 2007.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under the statute, a federal court may grant such a writ when a petitioner is held in custody under a state court decision in violation of the United States Constitution. *Corcoran v. Buss*, 551 F.3d 703, 708 (7th Cir. 2008). A state court's decision to deny an individual's motion for postconviction relief entitles that individual to habeas relief if the state court's decision: 1) was contrary to or involved an unreasonable application of clearly

established federal law as determined by the United States Supreme Court; or 2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Badelle v. Correll*, 452 F.3d 648, 654 (7th Cir. 2006). A state court decision is "contrary to" federal law if it is substantially different than the relevant United States Supreme Court precedent because the decision applies a contradictory rule or reaches a different result on materially indistinguishable facts. *Id.* To be "an unreasonable application" of federal law, a state court decision must correctly identify the governing legal rule, but apply the rule unreasonably to the facts of the petitioner's case. *Laxton v. Bartow*, 421 F.3d 565, 570 (7th Cir. 2005).

In his petition, Promotor asserts that the trial court violated his constitutional right to due process by sentencing him based on the inaccurate information that he consumed 23 cans of beer prior to committing the offenses. Alternatively, Promotor claims that he received ineffective assistance of counsel because his attorney failed to discover or correct the mistaken information. Finally, Promotor argues that the trial court violated the Eighth Amendment's prohibition on cruel and unusual punishment by imposing a "virtual life sentence."

## I.  Procedural Default of Claims

Prior to considering the merits of Promotor's habeas petition, the court must first address a preliminary issue. The respondent, William Pollard, asserts that Promotor procedurally defaulted his first two claims; those for a due process violation and ineffective assistance of counsel. The court will address procedural

default as it pertains to each claim, as well as the applicability of the procedural default exception.

### A. Due Process Claim

The respondent argues that Promotor procedurally defaulted his due process claim, barring this court from hearing it. The Wisconsin Court of Appeals found that Promotor waived his due process claim because he provided the "inaccurate information" that appeared in the presentence report and because he failed to object to the misinformation during his sentencing hearing. (Docket #6, Ex. E, p. 2). As a result, Promotor defaulted his claim pursuant to the independent and adequate state law procedural ground of waiver.

In response, Promotor argues that the Wisconsin Court of Appeals did not rely on a state procedural rule because Wisconsin law is "uncertain" in this area. (Pet.'s Br., p. 22). Thus, no state procedural "rule" can exist regarding waiver. Promotor further argues that the Court of Appeals' decision rested on a federal ground and not a state law ground because it determined the issue "in the context of ineffective assistance of counsel." (Docket #6, Ex. E, p. 2).

A habeas petitioner must exhaust all state court remedies before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). Failure to do so constitutes procedural default and turns on whether the petitioner fairly presented his issues to the state courts. *Simpson v. Battaglia*, 458 F.3d 585, 595 (7th Cir. 2006). The procedural default doctrine bars a federal district court from hearing either a claim which was never presented to the state courts, or a claim that was

-5-

denied on adequate and independent state law grounds. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

An adequate and independent state ground for dismissal includes a state procedural rule. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). Therefore, a federal court is precluded from conducting federal habeas corpus review when a state court did not reach a federal issue because it applied a state procedural rule. A state postconviction court's finding that a party waived his claim is such a procedural rule establishing an adequate and independent state ground for denying a claim. *Id.*

The Wisconsin Court of Appeals denied Promotor's due process claim on adequate and independent state law grounds because it found that Promotor waived his claim. The appellate court stated: "We conclude that Promotor waived this issue because his own attorney provided the information to the court, and because Promotor did not personally object or question the figure when it was used by the court during sentencing." (Docket #6, Ex. E, p. 2)[1]. Therefore, the appellate court made its decision on a state procedural basis, and did not rely on any federal grounds in addressing the due process claim.

---

[1] The trial court also noted that Promotor waived his due process claim when it denied his postconviction motion. However, the trial court made a non-committal mention of waiver, stating that "it may be the case that defendant has waived an objection." (Docket #6, Ex. B, App. 157). The trial court's additional language is more conclusive and reads in relevant part: "the defendant made no correction to [the 23 beers] figure in his allocution. (citation omitted). Accordingly, the defendant can be deemed to have waived this argument." (Docket #6, Ex. B., App. 158). However, given the trial court's failure to definitely hold that Promotor waived his claim, this court relies solely on the Wisconsin Court of Appeals' finding of waiver.

-6-

Promotor argues that the Wisconsin Court of Appeals based its decision on ineffective assistance of counsel (a federal ground) rather than on its finding of waiver. Therefore, he argues, the decision does not generate procedural default because it was not based on an independent and adequate state ground. However, Promotor commingles two separate claims and decisions.

Contrary to Promotor's assertion, the Wisconsin Court of Appeals addressed the due process and ineffective assistance claims separately and decided each claim on a separate ground. The court first considered the due process claim, finding that Promotor waived the claim by failing to object to the allegedly inaccurate information. The court then proceeded to consider the ineffective assistance of counsel claim, finding that Promotor failed to meet the prejudice prong of the *Strickland* test. Promotor hangs his argument on the appellate court's statement that: "[e]ven though the issue was waived as trial court error, it may be addressed in the context of ineffective assistance of counsel." (Docket #6, Ex. E, p. 3). However, this does not mean that the Wisconsin Court of Appeals decided the due process claim *on the basis of* ineffective assistance of counsel. Instead, the court merely suggests that the two claims arise from the same "issue" or factual grounds – that Promotor was sentenced based on the inaccurate information that he consumed 23 beers which appeared in his presentence report. This isolated sentence does not indicate that the Wisconsin Court of Appeals decided Promotor's due process claim on its *Strickland* analysis. Instead, the court decided each independent claim on an independent basis. A state court's reliance on federal law

for one claim does not preclude procedural default on a second claim merely because the court's discussion appears within the pages of the same decision.

The Wisconsin Court of Appeals' finding of waiver means that Promotor's due process claim is defaulted. This is because "a finding of waiver by the state postconviction court is enough to establish an adequate and independent state ground." *Sturgeon*, 552 F.3d at 611. Therefore, this court need not address Promotor's argument that the waiver finding is not a state procedural rule because of the "uncertain nature of the law in Wisconsin in this area." (Pet.'s Br., p. 22). However, the court notes that Wisconsin case law exists supporting the existence of such a state procedural waiver rule when a defendant fails to object to inaccurate information at or before sentencing. *State v. Mosley*, 201 Wis. 2d 36, 45-46, 547 N.W.2d 806, 810 (Ct. App. 1996) ("Where the facts stated in a presentence report are not challenged or disputed by the defendant at the time of sentencing, the sentencing judge may appropriately consider them."); *State v. Groth*, 2002 WI App 299, ¶ 24, 258 Wis. 2d 889, 907-08, 655 N.W.2d 163, 171-72 ("At sentencing, [Defendant] did not challenge the prosecutor's references to the beating of pregnant women. His silence stood as tacit acknowledgment that the information was true . . . Thus, we see no basis on which to conclude that the sentencing court erroneously exercised discretion in considering the prosecutor's comments."); *State v. Johnson*, 158 Wis. 2d 458, 470, 158 N.W.2d 352, 358 (Ct. App. 1990) ("where the facts stated in a presentence report 'were not challenged or disputed by the defendant at the time of sentencing, we find no abuse of discretion by the sentencing judge [in

considering them].'" (citation omitted)). Therefore, Promotor's argument fails, even if the Wisconsin Court of Appeals' finding that Promotor waived his claim does not inherently constitute an independent and adequate state ground for procedural default.

**B.     Ineffective Assistance of Counsel Claim**

The respondent also asserts that Promotor procedurally defaulted his ineffective assistance of counsel claim because he did not present it to the Wisconsin Supreme Court in his petition for review. Respondent cites Promotor's failure to include ineffective assistance in the statement of issues, as well as his failure to cite *Strickland v. Washington*, 466 U.S. 668 (1984), and its two prong test. A claim is not procedurally defaulted if the petitioner framed the claim "in terms so particular as to call to mind a specific constitutional right." *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006). Promotor argues that his ineffective assistance claim is not procedurally defaulted because he sufficiently calls to mind the constitutional right to effective counsel by referencing the Court of Appeals' ineffective assistance treatment of his due process claim and appending the decision.

This court disagrees. Promotor never argued in his petition for review to the Wisconsin Supreme Court that his counsel provided ineffective assistance. A "mention" or "reference" to an entirely separate appellate decision discussing the claim is insufficient to avoid procedural default. The habeas statute compels a petitioner to first exhaust remedies in state court before seeking federal review because it serves an interest in federal-state comity. *Perruquet*, 390 F.3d at 513.

-9-

Exhaustion of constitutional claims requires the petitioner to fully and fairly present his claims to "each appropriate state court." *Id.* Advising the Wisconsin Supreme Court that the Wisconsin Court of Appeals addressed ineffective assistance of counsel hardly constitutes a full and fair presentment of the issue to the higher court. Therefore, Promotor did not fairly present his ineffective assistance of counsel claim to "each appropriate state court" and he defaults the claim. *See Perruquet*, 390 F.3d at 513.

Additionally, the context of Promotor's "references" to ineffective assistance of counsel further demonstrate that he did not fairly present the claim to the Wisconsin Supreme Court. Promotor mentions the appellate decision regarding ineffective assistance during his argument regarding a *due process* violation. Promotor argues that the trial court disingenuously concluded it did not rely on the "23 beers" information when imposing his sentence because the figure is "inescapably prejudicial." (Docket #6, Ex. F, p. 16). Promotor does not argue ineffective assistance of counsel as a distinct claim, rather, he describes the appellate court's decision on the due process claim as "addressing the issue in the context of ineffective assistance." Promotor makes this mention in furtherance of his due process violation claim, not in an attempt to present an ineffective assistance of counsel claim to the Wisconsin Supreme Court.

### C. Exception to Procedural Default Doctrine

The procedural default doctrine is not an absolute bar on the court's ability to hear defaulted claims. Instead, a narrow exception exists. A district court may

consider a defaulted claim if the petitioner can establish cause and prejudice for the default, or establish that failure to consider the claim would result in a fundamental miscarriage of justice. *Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008) (citing *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008)). "Cause" sufficient to excuse procedural default is an "objective factor external" to the defense which prevents a petitioner from pursuing his constitutional claim in state court. *Holleman v. Cotton*, 301 F.3d 737, 744 (7th Cir. 2002). This includes attorney error arising to the level of ineffective assistance of counsel. *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). The court applies the familiar *Strickland* test when determining whether a petitioner established cause for his procedurally-defaulted habeas claim based on ineffective assistance. *Id.* ("When a habeas petitioner seeks to excuse procedural default through an ineffective-assistance claim, the "cause" and "prejudice" test from *Wainwright* is replaced by a similar test for ineffective assistance set out in *Strickland v. Washington*"). Thus, a habeas petitioner must demonstrate: 1) counsel's performance was so deficient as to fall below an objective standard of reasonableness; and 2) the deficiency prejudiced his defense so that it is reasonably probable that the result of the proceeding would have been different without counsel's unprofessional errors. *Conner v. McBride*, 375 F.3d 643, 656-57 (7th Cir. 2004).

Promotor argues that his claims are excused from procedural default based on cause and prejudice. First, he asserts that his inability to understand English or read his presentence report constitute cause allowing this court to hear his claims.

-11-

Promotor next argues that his attorney provided ineffective assistance of counsel by failing to have Promotor's presentence report read to him in Spanish prior to the sentencing hearing. However, the court finds that the narrow exception to procedural default does not apply to Promotor's claims.

This court appreciates that a language barrier adds a complicating layer to court proceedings and to the representation of a defendant. The presentence report was never read to Promotor in Spanish, so he could not know what information it contained. However, *he* provided the information appearing in the presentence report to the report writer. Thus, Promotor must establish that the presentence writer wrongly recorded his statements in order for those statements to constitute "cause." Promotor attempts to do this by swearing an affidavit stating he never reported drinking 23 beers on the night of his crash, but rather, reported that he "may possibly have had as many as 15 beers total." (Docket #6, Ex. B, App. 146). The affidavit further states that when he heard the "23 beers" statement at his sentencing hearing, he was confused. *Id.* at ¶ 4.

Promotor's failure to object to the presentence report's allegedly inaccurate report that he consumed "23" beers prior to the collision is understandable. However, the fact that he did not know what the presentence report contained does not excuse his failure to object at his sentencing hearing. Promotor had a Spanish translator during his sentencing. At the outset of Promotor's hearing, the translator took an oath swearing to accurately translate the proceedings from English into Spanish. (Docket #6, Ex. H, p. 3). Therefore, we may assume that Promotor heard

-12-

any references made by the sentencing judge regarding his consumption of 23 beers prior to getting behind the wheel. He was also provided an opportunity to make a statement during the hearing. Despite Promotor's opportunity to hear the inaccurate information at sentencing and make an objection, he remained silent. As a result, his inability to speak English cannot constitute an "objective factor" external to the defense preventing Promotor from raising his constitutional claims in state court.

Further, Promotor's attorney did not provide ineffective assistance of counsel by failing to have the presentence report read to Promotor in Spanish. This failure is assuredly careless and unprofessional. However, the failure does not meet the *Strickland* standard for ineffective counsel because it is not "reasonably probable" that correcting the inaccurate information would have altered the outcome of the hearing. In considering Promotor's motion for postconviction relief, the trial court stated that it did not rely upon the isolated figure of "23 beers" in imposing sentence and that the number itself did not increase the length of sentence. (Docket #6, Ex. B, App. 159). Instead, the court relied upon the severity of Promotor's actions: drinking to impairment, driving 77 to 86 miles per hour in a residential area, and running a red light before hitting another car. (*Id.* at App. 160). Therefore, the trial judge's reference to Promotor's consumption of 23 beers, versus 15 beers, does not establish prejudice because it did not impact his ultimate sentence.

Promotor fails to show the cause and prejudice necessary to excuse the procedural default of either his due process or ineffective assistance of counsel claims.

-13-

Case 2:07-cv-00363-JPS   Filed 03/30/09   Page 13 of 17   Document 15

## II. Merits of Promotor's Remaining Claim

This court held above that Promotor procedurally defaulted his claims for a due process violation and ineffective assistance of counsel. Thus, only Promotor's Eighth Amendment claim remains for consideration on the merits. Promotor's surviving claim asserts that his sentence totaling 66 years of imprisonment violates the constitutional prohibition against cruel and unusual punishment. Specifically, Promotor argues that the state courts' determination that his sentence did not violate the Eighth Amendment is contrary to and an unreasonable application of the United States Supreme Court's decisions in *Solem v. Helm*, 463 U.S. 277 (1983), and *Harmelin v. Michigan*, 501 U.S. 957 (1991). He asserts that a "virtual life-without-parole sentence for one act of intoxicated driving with tragic results" is grossly disproportionate. (Pet.'s Br., p. 31).

In *Solem*, the Supreme Court found that the defendant's sentence of life imprisonment without parole based on a seventh nonviolent, minor crime was a violation of the Eighth Amendment because it was grossly disproportionate. 463 U.S. at 279-84. The court dictated three factors for considering the proportionality of a sentence under the Eighth Amendment: 1) the gravity of the offense and the harshness of the penalty; 2) the sentences imposed on other criminals in the same jurisdiction; and 3) the sentences imposed for commission of the same crime in other jurisdictions. *Id*. at 292. However, the court later refined its proportionality requirement for non-death penalty cases in *Harmelin v. Michigan*. 501 U.S. 957 (1991).

-14-

In *Harmelin*, the Supreme Court upheld a state defendant's sentence of mandatory life imprisonment for possessing 672 grams of cocaine because it was not cruel and unusual under the Eighth Amendment. *Id.* at 957. The court stated that: "*Solem* was simply wrong; the Eighth Amendment contains no proportionality guarantee." 501 U.S. 957, 965 (1991). Instead, the court established only that the Eighth Amendment forbids grossly disproportionate noncapital sentences. *Id.* at 1001.

Promotor bases his Eighth Amendment argument on ideas of proportionality between a crime and sentence stated in *Solem* and *Harmelin*. However, he ignores the Court's retraction of proportionality after *Solem*. Further, Promotor ignores the Court's application of the "gross proportionality" evaluation to other cases and its reluctance to find disproportionality constituting cruel and unusual punishment. The Supreme Court's refusal to grant habeas relief in other instances is instructive and illustrates that Promotor's sentence is not violative of the Eighth Amendment.

For instance, in *Harmelin*, the Court upheld a sentence of mandatory life imprisonment for possession of cocaine by a defendant who had no prior felony convictions. 501 U.S. at 994. If such a sentence is not grossly disproportionate or violative of the Eighth Amendment, this court cannot see how Promotor's sentence could be. Promotor received a discrete term of years, instead of life without parole. Further, his sentence was imposed for a crime that caused the deaths of four people and the severe injury of two others, instead of being imposed for a crime not directly resulting in any injury.

Similarly, in *Lockyer v. Andrade*, the court declined to find a violation of the Eighth Amendment based on gross disproportionality. 538 U.S. 63 (2003). In that case, the United States Supreme Court rejected the defendant's habeas claim for an Eighth Amendment violation arising from his two consecutive terms of twenty-five years to life imposed for his "third strike" conviction on two felony counts of petty theft for stealing $150 worth of videotapes. *Id.* at 63. The Court held that the sentence was not an "unreasonable application" of the gross proportionality principle established in previous case law, including *Solem* and *Harmelin*. *Id.* at 64. The court's finding that the defendant's sentence was not grossly disproportionate to his crime in *Lockyer* verifies that Promotor's sentence is not grossly disproportionate in the instant case. Promotor's crimes were not limited to petty theft of videotapes, but rather, were crimes of homicide by intoxicated use of a motor vehicle and great bodily harm by intoxicated use of a motor vehicle. If a sentence of 50 years for stealing videotapes is not grossly disproportionate, neither is Promotor's sentence of 66 years' imprisonment for six offenses. The sentence, though harsh, does not constitute one of the "exceedingly rare" and "extreme" sentences constituting cruel and unusual punishment. *See Lockyer*, 538 U.S. at 73.

## III.    Conclusion

Promotor procedurally defaulted his claim for a due process violation because the state court found waiver, representing an independent and adequate state law ground. Promotor also defaulted his claim for ineffective assistance of counsel by failing to fully and fairly present the issue to the Wisconsin Supreme Court. Finally,

-16-

Case 2:07-cv-00363-JPS    Filed 03/30/09    Page 16 of 17    Document 15

Promotor's claim for an Eighth Amendment violation fails because his sentence is not grossly disproportionate.

Accordingly,

**IT IS ORDERED** that Promotor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED** and this case is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge