UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ROGELIO PROMOTOR,

                Petitioner,

v.                                                         Case No. 07-CV-363

WILLIAM POLLARD,

                Respondent.

_____

## ORDER

Petitioner Rogelio Promotor ("Promotor") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this court recently denied. In his initial petition, Promotor challenged his state convictions for homicide by intoxicated use of a motor vehicle and causing injury by intoxicated use of a motor vehicle. Promotor now seeks to appeal the court's decision denying his petition for a writ of habeas corpus and files a request for a Certificate of Appealability. For the reasons stated below, the court will grant in part, and deny in part, Promotor's request.

## BACKGROUND

Promotor pleaded no contest and was convicted in state court of four counts of homicide by intoxicated use of a motor vehicle and two counts of causing injury by intoxicated use of a motor vehicle arising from a collision he caused by speeding through a residential area, running two red lights, and crashing into a second vehicle. Following his arrest and charging, Promotor cooperated in the creation of a presentence investigation report through the assistance of a spanish interpreter.

The presentence report stated that Promotor consumed up to 23 beers in the hours preceding the crash, a figure later cited by the circuit court judge in imposing sentence. Promotor did not object to the inclusion of the "23 beers" figure in the presentence report or the judge's reference to the figure at sentencing, though he was never read a translation of the presentence report in spanish. The circuit court accepted his pleas and sentenced Promotor to 66 years of initial confinement and 28 years of supervised release. After sentencing, Promotor filed a motion for post-conviction relief asserting that he had been sentenced based on the erroneous information that he consumed 23 beers prior to getting behind the wheel, rather than a maximum of 15 beers he claims to have consumed. The circuit court denied his motion for post-conviction relief. The Wisconsin Court of Appeals subsequently affirmed the circuit court sentence and denial of post-conviction relief and the Wisconsin Supreme Court denied review.

Promotor then filed for habeas relief with this court, alleging three claims: 1) a violation of due process arising from the sentencing court's reliance on inaccurate sentencing information; 2) a violation of the Sixth Amendment based on ineffective assistance of counsel arising from counsel's failure to catch, correct, or object to the inaccurate information about Promotor's beer consumption; and 3) a violation of the Eighth Amendment prohibition on cruel and unusual punishment arising from the court's imposition of an "effective" life sentence. In its decision, this court determined that Promotor's due process and ineffective assistance of counsel claims

were procedurally defaulted and declined review on those issues. The court then reviewed Promotor's Eighth Amendment argument on its merits and denied the claim. Promotor now seeks a Certificate of Appealability regarding his first two claims, those for a due process violation and ineffective assistance of counsel, but does not pursue appeal on his Eighth Amendment claim.

## LEGAL STANDARD

Before a habeas petitioner may take an appeal to the Seventh Circuit, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). If the district court issues a COA, it must indicate which specific issue or issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3). The required showing for a COA also depends upon the basis for the court's decision on the petitioner's claims. Where a district court rejected the petitioner's constitutional claims on the merits, the petitioner must show that reasonable jurists would find the court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, where a court dismissed a petitioner's constitutional claim on procedural grounds, the determination of whether a COA should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.

-3-

*Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

## ANALYSIS

Promotor urges this court to issue a COA on his due process and ineffective assistance of counsel claims. Promotor argues, as he must, that reasonable jurists would find it debatable whether he states valid constitutional claims and whether this court made incorrect procedural rulings in finding his claims procedurally defaulted based on waiver and based on failure to fully and fairly present the issue to the Wisconsin Supreme Court. The court will address each claim in turn.

**I.     Due Process Claim**

The Wisconsin Court of Appeals found that Promotor waived his due process claim because he provided the inaccurate information appearing in his presentence report and because he failed to object to the misinformation during his sentencing hearing. (Docket #6, Ex. E, 2). Based on the appellate court determination, this court held that Promotor procedurally defaulted his due process claim because the state court's waiver finding was an independent and adequate state law ground precluding federal review. Promotor asserts that this finding is debatable because waiver of a defendant's due process claim based on his failure to object to inaccurate sentencing information is not a firmly established and regularly followed

-4-

state rule. Thus, it cannot be an independent and adequate basis for the state court decision and his claim was not procedurally defaulted. Specifically, Promotor notes that this court did not conduct an analysis of whether waiver in this situation constitutes a firmly established state rule.

A district court cannot consider a habeas claim if it determines that "the state court decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Grigsby v. Cotton*, 456 F.3d 727, 732 (7th Cir. 2006) (quoting *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003)). For a state procedural rule to be adequate to support judgment, the rule must be applied in a "consistent and principled way." *Page*, 343 F.3d at 908-09.

The court acknowledges that it did not conduct an explicit analysis of Wisconsin case law to determine whether waiver for failure to object to inaccurate sentencing information is applied in a "consistent and principled way." Instead, the court relied on the Seventh Circuit's statement in *Sturgeon v. Chandler* that "a finding of waiver by the state postconviction court is enough to establish an adequate and independent state law ground" in concluding that the Wisconsin Court of Appeals' finding that Promotor waived his due process claim rendered the claim procedurally defaulted. 552 F.3d 604, 611 (7th Cir. 2009). However, the court did

-5-

note Wisconsin case law[1] in which state courts have declined to grant post-conviction relief to defendants who fail to object to inaccurate sentencing information. (Order at 8).

Regardless, Promotor adequately establishes that consistent and principled application of this waiver rule is debatable. To support his argument, Promotor cites *State v. Groth*, 2002 WI App 299, 258 Wis. 2d 889, 655 N.W.2d 163, as "the most recent pronouncement by the Wisconsin courts" on the issue. (Pet.'s Request COA 11). In *Groth*, the Wisconsin Court of Appeals stated that whether "waiver may be invoked to preclude a defendant's challenge to a sentencing based on inaccurate information remains unclear." *Id.* at ¶ 25. On this basis, reasonable jurists could conclude that waiver for failure to object to inaccurate sentencing information is not applied in a consistent and principled way and does not constitute an adequate and independent state law ground. Thus, the same reasonable jurists could debate the court's finding that Promotor's due process claim is procedurally defaulted.

Given this conclusion, the court must proceed to the second component of the COA determination, whether Promotor shows that reasonable jurists would find it debatable whether his petition states a valid claim for a denial of a constitutional

---

[1] The court cited the following Wisconsin state cases: *State v. Mosley*, 201 Wis.2d 36, 45-46, 547 N.W.2d 806, 810 (Wis. Ct. App. 1996) ("Where the facts stated in a presentence report are not challenged or disputed by the defendant at the time of sentencing, the sentencing judge may appropriately consider them."); *State v. Groth*, 2002 WI App 299, ¶ 24, 258 Wis.2d 889, 907-08, 655 N.W.2d 163, 171-72 ("At sentencing, [Defendant] did not challenge the prosecutor's references to the beating of pregnant women. His silence stood as tacit acknowledgment that the information was true . . . Thus, we see no basis on which to conclude that the sentencing court erroneously exercised discretion in considering the prosecutor's comments."); *State v. Johnson*, 158 Wis. 2d 458, 470, 158 N.W.2d 352, 358 (Wis. Ct. App. 1990) ("where the facts stated in a presentence report 'were not challenged or disputed by the defendant at the time of sentencing, we find no abuse of discretion by the sentencing judge [in considering them].'" (citation omitted)).

-6-

right. *Slack*, 529 U.S. at 484-85. This showing requires only a general assessment of the merits of a habeas petitioner's claims, and does not require either a "full consideration of the merits" or "a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).

Promotor argues that the state court's reliance on inaccurate information in imposing sentence violated due process and was contrary to clearly established Supreme Court precedent appearing in *United States v. Tucker*, 404 U.S. 443 (1972) and *Townsend v. Burke*, 334 U.S. 736 (1948). Promotor interprets *Tucker* and *Townsend* to establish a constitutional due process right to be sentenced based only on materially accurate information. As Promotor points out, the Seventh Circuit itself has interpreted the cases as establishing such a due process right. *United States ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984) ("The Supreme Court has held that convicted defendants have a due process right to be sentenced on the basis of accurate information. The foundation of that right is due process protection against arbitrary government decisions."). A due process violation of this kind requires a habeas petitioner to establish two elements: 1) that information before the sentencing court was inaccurate; and 2) that the sentencing court relied on the misinformation in passing sentence. *Id*. at 265. Promotor arguably establishes the first element by swearing an affidavit attesting that he never reported drinking 23 beers to the presentence report writer and likely consumed no more than 15, by submitting police reports of witnesses estimating his consumption at 12 to 13 beers,

and by submitting the affidavit of a chemist and forensic consultant calculating that it was physically impossible for Promotor to consume 23 beers given his blood alcohol content and stating that he could only have consumed between 9 and 13 beers. Further, Promotor arguably establishes that the sentencing court relied on the inaccurate figure, based on the court's references to the amount of his consumption when assessing the seriousness of the offense and the risk posed to the community. For example, the sentencing court made the following statements:

> First, with regard to offense severity, you drank an extreme amount of alcohol. By your own admission around 23 beers in a relatively short time period.
>
> * * *
>
> It's indicative of your relationship to alcohol that this – that you are an individual who presents a high risk. If alcohol has a sedative effect on your and you can drink that many beers and be in a position in which your blood alcohol level was .16, yet you in effect has [sic] pleaded a blackout circumstance, it is clear that your relationship to alcohol is so serious and so severe that you present a high risk.

(Docket #6, Ex. B, App. 121, 109-10). Therefore, after an overview and general assessment of Promotor's due process claim, the court concludes that reasonable jurists could debate whether he states a valid constitutional claim. The court will grant a COA as to this issue.

## II. Ineffective Assistance of Counsel Claim

This court determined that Promotor procedurally defaulted his claim for ineffective assistance of counsel because he failed to fully and fairly present the issue to the Wisconsin Supreme Court. Promotor argues that he did present the issue because he noted in his petition for review that the Wisconsin Court of Appeals

addressed his due process claim in the context of ineffective assistance of counsel and because he appended the decision. However, Promotor's argument fails.

To avoid procedural default, Promotor had to exhaust his claim by fully and fairly presenting it to "each appropriate state court." *See Perruquet v. Briley*, 390 F.3d 505, 513-14 (7th Cir. 2004). However, no reasonable jurist could conclude that his petition for review included a full and fair presentment of a claim for ineffective assistance of counsel. First, Promotor makes no specific argument on the topic. Indeed, ineffective assistance of counsel does not appear anywhere in the "Statement of Issues Presented" or "Introduction" sections of Promotor's petition. Promotor does not make an ineffective assistance of counsel argument, instead, he merely mentions that the appellate court addressed his due process claim in the context of ineffective assistance of counsel. Second, neither *Strickland v. Washington*, 466 U.S. 668 (1984), nor its infamous two-prong test appear anywhere within the pages of the petition. The absence of *Strickland* in a petition that purportedly includes an ineffective assistance claim is telling, particularly considering that the petition was prepared by an attorney and not by a pro se petitioner. Indeed, asserting that ineffective assistance of counsel may be "fully and fairly" argued without citing *Strickland* or attempting to meet its test seems ineffective in and of itself.

Further, a reasonable jurist would not resurrect Promotor's procedurally defaulted ineffective assistance of counsel claim under the narrow exception to the

-9-

default doctrine. A district court may consider a defaulted claim if the petitioner establishes cause and prejudice for the default. *Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008) (citing *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008)). Attorney error arising to the level of ineffective assistance of counsel may constitute the requisite "cause." *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). However, Promotor has not attempted to argue that his attorney's failure to "fully and fairly" present an ineffective assistance of counsel claim to the Wisconsin Supreme Court is *itself* ineffective assistance of counsel constituting "cause." Further, ineffective assistance of post-conviction counsel may not constitute "cause" for a procedural default because it is not itself a cognizable federal constitutional violation. *Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996). Therefore, Promotor does not establish that application of the procedural default exception is warranted and this court's finding of procedural default is not reasonably debatable.

Given that reasonable jurists would not debate the correctness of the court's procedural ruling, the court need not address the validity of Promotor's claim for ineffective assistance of counsel. *See Slack*, 529 U.S. at 484-85. For the reasons explained above, the court will not issue a COA on the ineffective assistance of counsel claim.

Accordingly,

**IT IS ORDERED** that Promotor's request for a Certificate of Appealability is **GRANTED in part** and **DENIED in part**. The Certificate is **granted** as to the

questions of whether the due process claim should have been denied as procedurally defaulted on the basis of waiver and whether the Wisconsin state courts violated due process by sentencing Promotor on the basis of inaccurate information regarding the amount of beer he consumed prior to committing the underlying offenses. The Certificate is **denied** as to the questions of whether the ineffective assistance of counsel claim should have been dismissed as procedurally defaulted and whether the Wisconsin state courts violated Promotor's constitutional right to the effective assistance of counsel.

The Court directs the Clerk to send the Certificate to the Seventh Circuit Court of Appeals with the petitioner's Notice of Appeal and the file of the district court proceedings in this case.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-11-

Case 2:07-cv-00363-JPS   Filed 05/15/09   Page 11 of 11   Document 23